### SILAS WARREN & another *vs.* ELEAZER M. P. WELLS.

The provision in the Rev. Sts. c. 96, § 8, that where there are several defendants, a demand against the plaintiff cannot be set off unless it is due to the defendants jointly, applies as well where the defendant to whom the demand is due is principal, and the other is surety, as to other cases. It also applies where the plaintiff brings an action in trust, or for the use or benefit of another.

The remedy for one of several defendants, who has a demand against the plaintiff, is under the Rev. Sts. c. 90, § 50, by cross action and set-off of judgments, by allowance of the court.

PETITION for a review and *supersedeas.* The petitioners alleged that the respondent, at the January term, 1840, of the court of common pleas, recovered judgment against them, by default, for the full amount of a promissory note made by them to him, and that execution had issued on said judgment. The petition also alleged, that Ira Warren, one of the petitioners, signed said note as principal, and Silas Warren, the other petitioner, as surety ; and that said Ira, when the action on said note was commenced, had a just demand, which ought to have been deducted from the amount of the note, in the rendition of the said judgment, but which was not done by reason of accident and mistake in the time and manner of filing said demand by way of set-off.

The further facts, which bear on the points adjudged, are stated by the chief justice.

*E. Ames*, for the petitioners, cited 2 Story on Eq. 664. Rev Sts. c. 96, § 11.

*E. D. Sohier* and *Welch*, for the respondent, cited *Walker v. Leighton*, 11 Mass. 140. Rev. Sts. *c.* 96, § 8.

SHAW, C. J. Without going into the evidence whether this judgment was rendered by accident or mistake, the court are of opinion, that if the action were reinstated, the petitioners could not have the benefit of the set-off. The action is by E. M. P. Wells, on a promissory note, against Ira Warren and Silas Warren, the former principal, the latter surety. The account proposed to be given in evidence, by way of set-off, is an account by Ira Warren against one McAllister, for whose benefit it is alleged the suit is brought.

In regard to the latter point, it is provided by the Rev. Sts. *c.* 96, § 11, that if a suit is brought by one person in trust, or for the use or benefit of another, the defendant may set off any demand against the person for whose use the suit is brought. It is admitted by the plaintiff, that the suit is brought for the use of McAllister, and therefore, in that respect, the set-off would be admissible.

But it is further provided, (Rev. Sts. *c.* 96, § 8,) that if there are several defendants, the demand, proposed to be set off, shall be due to all of them jointly, with some exceptions as to dormant partners, not affecting the present case.

It would at first seem, that when, though there are two defendants, one is principal and the other surety, a debt due from the plaintiff to the principal would be within the reason and equity of the statute. But the contrary was held in *Walker* v. *Leighton*, 11 Mass. 140. And the words of the revised statutes, as above cited, are precise and explicit. And from the report of the commissioners, we have no doubt that they are so intended to be. And the rule is founded on this consideration ; that the plaintiff may have a several demand against such principal, which he could not include in his suit against both defendants, and which he reserves to meet the several defendant's demand, whenever he shall offer it.

But the Rev. Sts. *c.* 90, § 50, have provided another remedy, calculated to do justice to parties having mutual demands, where the parties are not the same. They provide for the set

ting off of cross judgments, under the direction of the court, and enact, that if there are several defendants, each of them may bring a cross action against the original plaintiff, and on recovering judgment, may be allowed to set off such several judgments against the plaintiff's judgment in like manner as if against himself alone.

This provision is exactly adapted to meet the circumstances of particular cases, to be determined by the court. Such set-off of judgments would, of course, be allowed, where the plaintiff could show no several counter demand, but would not be allowed where it would defeat the just rights of the plaintiff against either of such several defendants. The subject is stated by the commissioners who reported the revised statutes, in a note to c. 90, § 45.

The court are of opinion, therefore, that if a review were granted and the execution superseded, the defendants could not file their account in off-set, and that if they have any remedy, it is by a cross action.

*Petition dismissed*